IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

INARA CEDRINS,

          Plaintiff,

    vs.                                   No. CIV 09-646 MV/LFG

RAMESH KUMAR SHRESTHA
and JAMES PREWITT,

          Defendants.

## ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

       THIS MATTER is before the Court on an Order of Reference [Doc. 8] to conduct a review of *pro se* Plaintiff Inara Cedrins ("Cedrins")'s complaint [Doc. 1], filed July 2, 2009, to determine whether it can withstand Fed. R. Civ. P. 12(b)(6) scrutiny.

### Request to Proceed *In Forma Pauperis*

       Cedrins did not pay a filing fee, instead submitting a Motion to Proceed In Forma Pauperis [Doc. 3] pursuant to 28 U.S.C. § 1915. The *in forma pauperis* statute authorizes a court to waive filing fees and various court costs for indigents. The intent of the statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, (1948).

       Cedrins's motion with financial affidavit indicates that she is currently self-employed as an artist, writer and translator with a small income, no assets and a variety of debts. Based on these representations, the Court deems Cedrins to be indigent and grants her *in forma pauperis* status.

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

## Authority for *Sua Sponte* Analysis

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).

In response to this congressional concern, federal courts were specifically authorized to review an *in forma pauperis* complaint and to dismiss the complaint if Plaintiff "does not plead sufficient facts, that when taken as true, provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." Gann v. Cline, 519 F.3d 1090, 1092 (10th Cir. 2008) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007); Carson v. Tulsa Police Dep't, 266 Fed. App'x 763, 765 (10th Cir. Feb. 21, 2008) (applying Twombly plausibility standard in § 1915 review).

More recently, in Ashcroft v. Iqbal, __ U.S. __ 129 S.Ct. 1937 (2009), the United States Supreme Court further discussed the Twombly plausibility standard:

> [a] complaint must contain sufficient functional matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly] at 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556, 127 S. Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than the sheer possibility that a defendant has acted unlawfully.  Ibid.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557, 127 S.Ct. 1955 (brackets omitted).

Iqbal, 129 S.Ct. at 1949.

## Discussion

Cedrins's complaint is deficient for a number of reasons.  She labels it a "Petition for Right to Obtain Information From USCIS, ICE and the IRS and to Present This Information as Evidence." [Doc. 1].  In this document, Cedrins complains that her Nepali husband, Defendant Ramesh Kumar Shrestha ("Shrestha"), obtained a visa to the United States as her husband, and that he arrived in this

country at the end of June 2007 and then abandoned her on March 19, 2008, when he went to live with his co-sponsor, Defendant James Prewitt ("Prewitt). She says that she "needs proof of when Defendant Ramesh Shrestha, her husband, received his green card and his reported status and that of his co-sponsor, Defendant James Prewitt, as of March 2008." [Doc. 1, at 2].

Cedrins asserts that there was no real marriage and that she filed a lawsuit in New Mexico state court seeking annulment due to marriage fraud and non-consummation, on the assumption that she could thereby claim damages rather than alimony and community property. She also claims damages from Defendant Prewitt on grounds he lied to her and attempted to defraud her, colluding with Shrestha to hide financial records from her. She alleges that Prewitt contributed to tax fraud and immigration fraud, and she sets forth ten instances of alleged perjury on the part of Prewitt. [Doc. 1, at 1-4]. She further asserts that Defendants' actions resulted in withholding of evidence pertinent to her divorce proceedings and "resulted in loss of a fair legal settlement to Plaintiff." [Doc. 1, at 6].

On July 31, 2009, Cedrins filed a document titled, "Notice of Joinder of Party," which appears to be a request that Sharon Prewitt, James Prewitt's wife, be added to the case as a Defendant. [Doc. 7]. On August 10, 2009, Cedrins filed a "Motion for Hearing to Present Evidence and for Service of Process by U.S. Marshall [sic]" [Doc. 9], which is the subject of a separate order in this action.

It appears that Cedrins is asking this Court to order Defendants to produce certain information so that she may challenge the ruling of a state court in a divorce action. She states "Plaintiff's legal remedy is not to be had through the federal court, but information need[ed] to prove the case so that she may proceed in the civil court is." [Doc. 1, at 6].

This request does not state a claim for relief in federal court and provides no basis for jurisdiction herein. Indeed, in three similar actions, all filed in this Court in 2009, three different United States District Judges ruled that Cedrins had no jurisdiction for the type of claims she asserts in this case.

In Cedrins v. Shrestha, No. Civ. 09-262 JB/RLP, filed March 19, 2009, U.S. District Judge James O. Browning dismissed Cedrins's claims without prejudice, finding that, to the extent she intended an appeal of a state court's ruling in her domestic relations case, she must file such a claim with the state appellate courts, as federal courts do not sit to review state courts' decisions on matters of state law. Judge Browning further held that, to the extent Cedrins alleges that her spouse committed a crime by fraudulently entering into a marital relationship for purposes of evading the immigration laws, and that he defrauded the IRS, those matters should be referred to appropriate law enforcement officials or to the United States Attorney. To the extent she contends that her spouse breached the marital contract and caused her to suffer emotional distress, and that James Prewitt caused her damaged, Judge Browning noted that such claims must be brought in state court, in the absence of diversity and the proper jurisdictional amount. He concluded that there is no federal jurisdiction shown on the face of the complaint and he dismissed the case without prejudice. [Doc. 10 in Civ. 09-262].

In Cedrins v. Shrestha, No. Civ. 09-348 LH/GBW, filed April 9, 2009, Cedrins sued both Shrestha and Prewitt. Her complaint in that case was labeled "Petition for Immigration Law to be Enforced, For Plaintiff to Represent Herself in This Case for Annulment Due to Marriage Fraud and Non-Consummation Before Administrative Agencies USCIS, ICE and the IRS, To Obtain Discovery, and Right to an Annulment." In it, she raises the same claims raised in the current litigation.

U.S. District Judge C LeRoy Hansen dismissed Cedrins's lawsuit in Civ. 09-348, finding that Cedrins has no standing to sue on any of the "federal issues" of immigration, tax fraud and money laundering. He noted that the criminal statutes do not provide for a private cause of action, and that immigration laws are enforced by the Secretary of Homeland Security, not by private citizens. Judge Hansen also held that Cedrins's requests for injunctive relief with respect to ongoing state court proceedings are not cognizable in this Court, pursuant to the Younger abstention doctrine and because federal courts do not have jurisdiction over divorce or alimony proceedings. [Doc. 16 in

Civ. 09-348].

Judge Hansen further determined that "Cedrins has no legal right and no standing to request this Court to violate the separation-of-powers doctrine by attempting to force the USCIS, ICE, Homeland Security and/or the IRS to allow her to interfere with Shrestha's immigration proceedings to 'present her case . . . in order to receive restitution and a fair resolution.'" [Id., at 8]. He noted that she has no legal right to any sort of restitution in the context of immigration proceedings, and that any claims that Shrestha owes her money due to a fraudulent marriage, and her claims that Prewitt defrauded her, can be adequately addressed in proceedings in state court. Judge Hansen dismissed the case, as it is "premised on nonexistent legal interests, fails to state facts to invoke federal subject matter jurisdiction, and requests relief that the Court must either abstain from granting or is powerless to grant." [Id., at 9].

In Cedrins v. Shrestha, No. Civ. 09-645 JCH/RLP, filed July 2, 2009, U.S. District Judge Judith C. Herrera dismissed Cedrins's action for lack of subject-matter jurisdiction, noting that the allegations raised in that case were the same as those raised in Civ. 09-348 in that Cedrins was suing her husband, seeking the Court's interference in the parties' annulment/divorce and community-property settlement proceedings. Judge Herrera noted that Judge Hansen had carefully explained the Court's reasoning to Cedrins in his thoughtful and thorough opinion in Civ. 09-348. She noted further that, after Judge Hansen entered his order of dismissal in that case, Cedrins filed Civ. 09-645, and though it was entitled an "Appeal of Case for Annulment and Request that Trial be Declared a Mistrial," it again sought the federal court's interference in the state court domestic relations case. Judge Herrera held that this Court does not have subject matter jurisdiction to interfere in state court proceedings and dismissed the complaint as frivolous. [Doc. 8 in Civ. 09-645].

After receiving these three rulings, all dismissing Cedrins's complaints and explaining in detail why this Court does not have jurisdiction to hear these issues, Cedrins filed the instant action on July 2, 2009, raising the same issues as were raised in her previous three lawsuits, albeit phrased a bit differently. And twelve days after that, on July 14, 2009, she filed yet another action seeking

essentially the same relief, <u>Cedrins v. Shrestha</u>, No. Civ. 09-687 JP/RHS.[2]

For the reasons stated in this Court's previous rulings in Cedrins's actions raising the same issues as those brought in this case, the Court determines that it lacks jurisdiction to hear Cedrins's claims and concludes that her complaint in this action fails to meet the pleading standards announced in <u>Twombly</u> and reaffirmed in <u>Iqbal</u>. Cedrins has had several opportunities to amend her complaint, and she continues to seek relief which is not available from this Court. Amendment would be futile, and the present action should therefore be dismissed with prejudice.

Cedrins is further advised that her continued attempts to invoke federal jurisdiction, after careful and repeated explanation by several federal judges as to the lack of such jurisdiction, demonstrate a lack of respect for the federal court and could result in sanctions if she continues to file frivolous lawsuits.

IT IS THEREFORE ORDERED that Cedrins's Motion for *in forma pauperis* status [Doc. 3] is granted, and she is permitted to proceed *in forma pauperis* without payment of filing fees.

IT IS FURTHER ORDERED that Cedrins's Motion to Appoint Counsel [Doc. 4] is denied.

### <u>Recommendation</u>

That all of Cedrins's claims be dismissed and that this action be dismissed with prejudice.

*Lorenzo F. Garcia*
_____
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[2]The complaint in Civ. 09-687 is titled, "Petition for Plaintiff's Right to Obtain Discovery from Administrative Agencies USCIS, ICE, and the IRS and to present Evidence of Immigration Code Violations/Marriage Fraud and Tax Fraud to Those Agencies."